IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN T. WOOD, )
 )
        Petitioner, )
 )
        v. )   1:07CV413
 )
SUPT. TOMMY KING, et al., )
 )
        Respondent. )

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1981, in the Superior Court of Richmond County, Petitioner was convicted of armed robbery, kidnaping, and first-degree rape in cases 81 CRS 342, 344-45. He was sentenced to life in prison, but was later awarded a new trial. Unfortunately for him, the result of the second trial was the same. In 1983, he was again convicted of the same charges and given the same sentence. The convictions and sentence were upheld on appeal by the North Carolina Supreme Court, which found no error on March 6, 1984. State v. Wood, 310 N.C. 460, 312 S.E.2d 467 (1984).

Petitioner later filed an unsuccessful petition for certiorari with the North Carolina Supreme Court. This was denied on October 7, 1987. The record does not reveal that Petitioner filed anything further until he submitted a motion for DNA testing on August 17, 2005. When no evidence could be located for testing, this motion was denied. After further pro se filings, Petitioner filed his

petition in this Court on May 24, 2007. Respondent now seeks to have it dismissed for being time barred.

## Discussion

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see United States v. Segers, 271 F.3d 181 (4th Cir. 2001)(federal conviction).

Here, Petitioner's did file a direct appeal, but did not file a petition for certiorari with the United States Supreme Court. Therefore, his conviction became final when the time for filing the

---

[1]A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

petition expired, or 90 days after the appeal was denied on March 6, 1984. Sup. Ct. R. 13.1. Obviously, Petitioner's conviction was final well before the passage of AEDPA. For those petitioners whose conviction became final prior to the effective date of AEDPA, they had one year from that effective date or to and including April 24, 1997 to file a Section 2254 petition. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). Petitioner did not file his petition prior to that date and it is time-barred.

It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, attempts at state court relief filed after the one-year time limit has expired do not revive it. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). Petitioner had no attempts at state court relief pending during the year that his time to file was running. Therefore, the year was never tolled. His later attempts at relief did not change this.

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or

-3-

its officers.  A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000).  Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights.  See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000).  This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).  On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).  Likewise, mistake of counsel does not serve as a ground for equitable tolling.  Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269.  Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling.  Akins, 204 F.3d 1086.  Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence.  Pace, supra.  Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him.  Coleman, 184 F.3d at 402.

Petitioner makes no argument in favor of equitable tolling and no reasons to apply it appear on the record.  He does claim that the Court should essentially ignore AEDPA's time limits because he is actually innocent of the crimes for which he was convicted.  This argument may be the result of Petitioner confusing concepts related to procedural bar with those related to AEDPA's time bar.  Such confusion is common among pro se litigants.  In any event, the Court is not aware of any actual innocence exception to AEDPA's time limit and Petitioner cites no authority in support of one.

Finally, Petitioner asserts that the State withheld evidence at the time of his trial and may be claiming that it is still withholding evidence.  However, he does not point to any evidence which would not have been available at the time of his convictions.  His petition is time-barred and Respondent's motion will be granted.[2]

Petitioner has also filed motions for the disclosure of impeaching evidence and for an evidentiary hearing.  The fact that his petition is time-barred moots these motions and they will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motions for the disclosure of impeaching evidence (Docket No. 8) and for an evidentiary hearing (Docket No. 10) are denied, that Respondent's motion to dismiss (Docket No. 5) is granted, that the habeas

---

[2] Although it does not appear that Petitioner's current claims are related to his more recent attempts to obtain DNA testing in the state courts, they would still fail.  The result of that motion was that no evidence existed for testing.  Petitioner points to nothing demonstrating that the conclusion was incorrect and that evidence really did remain for testing.

petition (Docket No. 2) is denied, and that this action is dismissed.

  _____
  **United States Magistrate Judge**

November 20, 2007